IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUSTAFA EL SHABAZZ BEY, #235085, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:23-cv-00454-B-BT |
| NFN DELGADO, et al., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mustafa el Shabazz Bey, an inmate at the Denton County jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983.[1] The Court granted Bey leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). Now, having screened Bey's allegations, the undersigned recommends the Court dismiss Bey's amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**Background**

By this lawsuit, Bey claims that three Dallas County Hospital District Police Department officers—Defendants Sgt. Delgado, S. Keen, and R. Rodriquez—

---

[1] Plaintiff is also known as Noland Roosevelt Byrd. Am. Compl. 4 (ECF No. 8). He submitted a copy of an "Order Changing Name of Defendant," which suggests that he legally changed his name to Mustafa el Shabazz Bey, *see* Am. Compl. 6, but the name change document, purportedly signed by an unidentified judge from the 363rd District Court in Dallas County, Texas, appears to be a forgery. *See id.*

1

committed perjury, conspired to deprive him of his "right to liberty/freedom" under color of law, and subjected him to assault and battery, false arrest, and false imprisonment. Am. Compl. 4 (ECF No. 8); *see also* Compl. 2 (ECF No. 3); Aff. 2 (ECF No. 4). Specifically, Bey alleges that Defendants "physically assaulted" him at Parkland Hospital on November 27, 2021, and they "falsely arrested [him] for a crime he did not commit"—assault on a peace officer—and caused him to be "falsely imprisoned" at the Dallas County Jail until May 12, 2022. Am. Compl. 4; *see also* Compl. 2-3; Aff. 2-3 (ECF No. 4). Bey states that he was released from the Dallas County Jail, and Judge Tracy Holmes of the 363rd Judicial District Court dismissed the charges against him after she reviewed video evidence presented to the court. Am. Compl. 4; *see also* Compl. 2-3; Aff. 2-3 (ECF No. 4). As relief, Bey seeks $1,000,000 in compensatory damages and $1,000,000 in punitive and exemplary damages against each defendant. Am. Compl. 4. Bey also seeks unspecified declaratory relief. Compl. 1.

## Legal Standards

Bey's civil action is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id. at 555*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Bey's allegations with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

## Analysis

To state a claim under § 1983, a plaintiff must: (1) allege he has been deprived of a right secured by the Constitution or the laws of the United States; and (2) show the alleged violation was committed by a person acting under color

3

of state law. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. The Court should dismiss Bey's § 1983 conspiracy claim because he does not plead sufficient facts to support such claim.

Bey summarily alleges that Defendants were involved in a "conspiracy to deprive [him] of his Right to Liberty/Freedom under the color of law." Am. Compl. 4. Bey also states that, after Defendants had him in handcuffs, they "immediately began conspiring amongst each other as to what reason should justify their cause to assault and detain" him. Aff. 10 (ECF No. 8). But in the Fifth Circuit, "[i]t is now well settled . . . that 'mere conclusory allegations of conspiracy [under 42 U.S.C. § 1983] cannot, absent reference to material facts, state a substantial claim of federal conspiracy.'" *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (per curiam) (quoting *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Here, Bey makes only conclusory allegations that Defendants were involved in a conspiracy to deprive him of his rights to liberty and freedom. Am. Compl. 4. Bey does not plead any operative facts to support his claim that a conspiracy existed. Thus, he fails to state a civil conspiracy claim under § 1983. *See McAfee*, 884 F.2d at 222. The Court should dismiss Bey's federal conspiracy claim under § 1983.

2. The Court should dismiss Bey's § 1983 claims for false arrest/false imprisonment because he does not allege that he was arrested without probable cause.

4

Bey alleges that Defendants charged him with assault on a peace officer—a crime he did not commit—and that caused him to be imprisoned for approximately six months. Am. Compl. 4. He states that Defendant R. Rodriquez prepared a police report in which Defendant Sgt. Delgado claimed that Bey struck Delgado in the face and Defendant S. Keen claimed to be a witness to the alleged assault. Aff. 11 ([ECF No. 8](#)); *see also* Compl. 4. However, Bey insists that he did not commit any crimes, and he claims the charges against him were ultimately dismissed after Judge Holmes reviewed a video that showed Defendants "falsely arrested" him. Am. Compl. 4; *see also* Aff. 11 ([ECF No. 8](#)). The Court should liberally construe Bey's false arrest and false imprisonment claims as § 1983 claims under the Fourth Amendment.

The Constitution "contemplates searches and seizures based 'upon probable cause.'" *[United States v. Bass](#)*, 996 F.3d 729, 737 (5th Cir. 2021) (quoting U.S. CONST. AMEND IV.). A [§ 1983](#) claim for false arrest and/or false imprisonment requires a plaintiff to demonstrate that he was arrested and/or detained without probable cause in violation of the Fourth Amendment. *[Manuel v. City of Joliet](#)*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment 'false imprisonment.'"); *see also [Defrates](#) [v. Podany](#)*, 789 F. App'x 427, 431 (5th Cir. 2019) (citing *[Club Retro, L.L.C. v. Hilton](#)*, 568 F.3d 181, 204 (5th Cir. 2009)). To state a [§ 1983](#) claim for false arrest

5

or false imprisonment, a plaintiff must plausibly allege that the arresting officer did not have probable cause to arrest him. *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004)).

Even liberally construing Bey's allegations, he has failed to state a § 1983 claim for false arrest or false imprisonment. Specifically, Bey's allegation that he was arrested for a crime he did not commit is so conclusory it is legally insufficient. *See Thompson v. Dukes*, 2011 WL 4702471, at *1 (N.D. Tex. Sept. 30, 2011) (recognizing "conclusory allegations and legal conclusions are insufficient to state a claim"); *see also Barnes v. Walters*, 2022 WL 18776172, at *5 (N.D. Tex. Sept. 7, 2022), *rec. accepted*, 2023 WL 2065058 (N.D. Tex. Feb. 16, 2023). And although Bey alleges that the charges brought against him were ultimately dismissed by a state court judge, this fails to say anything about whether his arrest was supported by probable cause. *See Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994) (recognizing the fact the plaintiff is acquitted of the criminal charges "is of no consequence" when evaluating a false arrest claim); *see also Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("The Constitution does not guarantee that only the guilty will be arrested."); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (A "claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest."). The Court should dismiss Bey's Fourth Amendment claims under § 1983.

3. The Court should dismiss Bey's perjury claim as not cognizable.

To the extent Bey seeks to bring a claim against Defendants for perjury, neither federal nor state law provides a private cause of action for such a claim. *Graneto v. Humpert,* 2023 WL 1973231, at *1 (N.D. Tex. Jan. 17, 2023), *rec. accepted*, 2023 WL 1972008 (N.D. Tex. Feb. 13, 2023); *see also Williams v. Cintas Corp.*, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007), *rec. accepted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). Thus, the Court should dismiss Bey's perjury claim.

4. The Court should decline to exercise jurisdiction over Bey's remaining state law claims.

Bey also appears to assert claims under state law for false arrest, false imprisonment, and assault and battery.[2] Am. Compl. 4. Because there is no

---

[2] Bey has not alleged sufficient facts to state a claim for excessive force under § 1983. To state a claim for excessive force, a plaintiff must allege "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993) (internal quotations omitted). Further, to state a claim for excessive use of force, the plaintiff's asserted injury must be more than de minimus. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2005). Here, Bey alleges that he experienced "pain from the injuries he sustained," and he received "medical attention." Aff. 10 (ECF No. 8). But Bey's conclusory allegations that he was "injur[ed]" and received "medical attention" are legally insufficient to show that the injury he sustained was more than de minimus. *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) ("We will thus not accept as true conclusory allegations or unwarranted deductions of fact."); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (stating a plaintiff must plead specific facts and not mere conclusory allegations to avoid dismissal for failure to state a claim) (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)); *see also Brown v. Coulston*, 463 F. Supp. 3d 762, 780 (E.D. Tex. 2020) (the

independent jurisdictional basis for these claims, the Court can only exercise supplemental jurisdiction over them under 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it had original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction . . . . In making its determination as to whether to exercise supplemental jurisdiction, 'the court is guided by the . . . statutory factors as well as the common law factors of judicial economy, convenience, fairness, and comity.'" *Robinson v. Webster Cnty.*, Miss., 2020 WL 1180422, at *11 (N.D. Miss. Mar. 11, 2020) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)); *see also Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Because none of Bey's federal claims survive, the Court should decline to exercise jurisdiction over any state law claim, as the general rule in the Fifth Circuit directs district courts to decline to exercise jurisdiction over supplemental state law claims when the

---

conclusory allegations made in connection with an excessive force claim, stating the "injuries" suffered were severe and caused "lasting pain," without more, failed to articulate more than speculation regarding whether the injury sustained was more than de minimis).

district court has dismissed all federal claims from a cause before trial. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

## Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted).

Here, Bey has filed a complaint, an amended complaint, and various affidavits in support of his allegations. Because Bey has already amended and supplemented his pleadings, he has had ample opportunity to plead his best case, and further leave to amend is not necessary or warranted. Moreover, Bey has a history of filing cases in the Northern District of Texas and the Eastern District of Texas which are dismissed for failure to prosecute or comply with Court orders,[3]

---

[3] *See Byrd v. Holmes, et al.*, No. 3:21-cv-1838 (N.D. Tex.) (case dismissed without prejudice under Rule 41(b)); *Byrd v. Dallas Cnty. Jail Mailroom Officers*, No.

and his submissions are rife with references to principles associated with the "sovereign citizen" movement, Am. Compl. 8. "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017), *rec. accepted* 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "Sovereign citizens often attempt to use these beliefs to . . . 'derail criminal proceedings.'" *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted* 2018 WL 2414794 (N.D. Tex. May 29, 2018) (citation omitted). But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). The Court should not give Bey a further opportunity to advance frivolous legal theories.

## Recommendation

The Court should DISMISS Bey's amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

---

3:14-cv-3006 (N.D. Tex.) (case dismissed without prejudice under Rule 41(b)); *Byrd v. Plano Police Dept, et al.*, No. 4:21-cv-111 (E.D. Tex.) (case dismissed without prejudice under Rule 41(b)); *Byrd v. Tang, et al.*, No. 4:21-cv-314 (E.D. Tex.) (case dismissed without prejudice under Rule 41(b)); *Byrd v. Tang*, et al., No. 4:21-cv-313 (E.D. Tex.) (case dismissed without prejudice under Rule 41(b)).

**SO RECOMMENDED**

Signed November 6, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.